In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 25-2154

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

CORRIE SINGLETON,

*Defendant-Appellant.*

---

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 22 CR 574-3 — **Robert W. Gettleman**, *Judge*.

---

ARGUED MAY 22, 2026 — DECIDED JULY 15, 2026

---

Before EASTERBROOK, RIPPLE, and PRYOR, *Circuit Judges*.

PRYOR, *Circuit Judge*. Corrie Singleton pled guilty to Hobbs Act robbery and using a firearm during and in connection with that robbery. Singleton was sentenced to a below-guidelines sentence of 180 months' imprisonment. On appeal, Singleton argues that his sentence is procedurally unreasonable. Because the district court adequately explained the chosen sentence, we affirm.

## I.   BACKGROUND

On October 31, 2022, twenty-one-year-old Corrie Single-ton, his brother, and a minor traveled in a stolen vehicle to a Chase Bank in Lansing, Illinois. The group arrived around 10:45 a.m., exited the stolen vehicle, and approached a Brink's employee who was outside of the Brink's armored truck servicing an ATM. Singleton brandished a loaded firearm and held it to the employee's head while his brother disarmed her. Singleton continued to hold the gun to the victim's head while his brother and the minor emptied the money from the ATM. After the ATM was empty, Singleton dragged the employee to the armored truck while someone from the group forced her to unlock the rear compartment.

Singleton and the minor took the cash from the truck's rear compartment and loaded it into the stolen vehicle. The group fled the scene shortly after the stolen car was loaded. Law enforcement had been notified, however, and attempted to effectuate a stop. While fleeing, Singleton lost control of the getaway car during his attempt to merge onto the highway. He crashed into another vehicle, a pole, and the highway's ramp wall. After the crash, the group continued to flee on foot. Police apprehended Singleton and the minor and then recovered, from the stolen vehicle, $1,025,956 in cash and firearms used during the robbery. Singleton's brother, however, evaded arrest that day.

In July 2024, a federal grand jury charged Singleton in a third superseding indictment with conspiracy to commit armed robbery in violation of 18 U.S.C. § 1951 (Count I), Hobbs Act robbery in violation of 18 U.S.C. §§ 1951(a) and 2 (Count II), and brandishing a firearm during and in relation with a crime of violence in violation of 18 U.S.C.

§§ 924(c)(1)(A) and 2 (Count III). Singleton pled guilty to the latter two charges in January 2025.

Before sentencing, the United States Probation Office prepared Singleton's Presentence Investigation Report ("PSR"). The probation officer who prepared the PSR calculated a total offense level of 33. With no criminal history points, Singleton's offense level yielded an advisory guidelines range of 135 to 168 months' imprisonment on the Hobbs Act robbery conviction, followed by a mandatory consecutive term of 84 months' imprisonment on the conviction for brandishing a firearm in connection with a crime of violence. *See* 18 U.S.C. § 924(c)(1)(D)(ii) (mandating that the sentence for a 924(c) conviction be imposed consecutively). This resulted in a total advisory guidelines range of 219 to 252 months' imprisonment.

The parties responded by filing sentencing memorandums. Relevant here, Singleton sought a downward departure based on the November 2024 amendment to U.S.S.G § 5H1.1 and the U.S. Sentencing Commission's accompanying policy statement. He argued this amendment broadened § 5H1.1 to support a guidelines departure from an overly harsh sentencing range because "youthful individuals generally are more impulsive, risk-seeking, and susceptible to outside influence as their brains continue to develop into young adulthood." *See* U.S.S.G § 5H1.1. When discussing the likelihood of recidivism and the opportunity for rehabilitation, Singleton discussed his strong family support, his ability to secure vocational and educational training, his lack of prior custodial sentences, his age at the time of the offense, and brain science data regarding young adults.

At sentencing, in June 2025, the district court acknowl-
edged it had reviewed the PSR, the parties' sentencing mem-
oranda, and other materials counsel submitted. Next, the dis-
trict court heard argument about the appropriate sentence.
The government requested a sentence of 204 months' impris-
onment and four years of supervised release. The government
focused on the seriousness of Singleton's offense and the ter-
ror that he brought to the victims and the community. It also
highlighted the jail's disciplinary actions taken against Single-
ton because of his behavior during pretrial detention. Single-
ton, on the other hand, sought a sentence of 96 months' im-
prisonment followed by supervised release allowing neces-
sary mental health counseling. Singleton's counsel argued
this sentence was warranted because of Singleton's lack of
criminal history; his poverty-stricken childhood; his ability
for rehabilitation; and his young age.

After hearing argument, the district court announced the
sentence. Apart from confirming that it had read the parties'
submissions, the district court explained that Singleton's sen-
tence needed to reflect the seriousness of the offense, deter
others from engaging in this violent behavior, and protect the
public. Although the district court recognized that a guide-
lines sentence would be reasonable based on the underlying
offense's violent nature, the district court found Singleton's
mitigating circumstances to be a significant factor. Balancing
the 18 U.S.C. § 3553(a) sentencing factors, including Single-
ton's lack of criminal history, his family history, unfortunate
childhood trauma, community gun violence, and his young
age both at sentencing and following his term of imprison-
ment, the district court determined that a below-guidelines
sentence of 96 months' imprisonment for the robbery, fol-
lowed by the mandatory consecutive sentence of 84 months

for the firearm, for a total of 180 months' imprisonment with four years' supervised release was appropriate.

This appeal followed.

## II.    ANALYSIS

On appeal, Singleton argues his sentence is procedurally unreasonable because the district court failed to consider his two principal mitigation arguments and adequately explain its reasoning for imposing a 15-year term of imprisonment. We disagree.

We review procedural challenges to a criminal sentence de novo. *United States v. Hendrix*, 74 F.4th 859, 866 (7th Cir. 2023). "A district court commits procedural error when it fails to address a defendant's mitigating arguments that are not so weak as not to merit discussion." *Id.* at 868 (citation modified); *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005). "In determining whether a court addressed an argument, we consider the totality of the record." *United States v. Wilcher*, 91 F.4th 864, 874 (7th Cir. 2024) (citation modified). Where "the court meaningfully considered the defendant's mitigation arguments, even if implicitly and imprecisely, that is enough." *United States v. Hodge*, 138 F.4th 1021, 1025 (7th Cir. 2025) (citation modified).

Singleton first argues the district court failed to consider whether a downward departure under U.S.S.G § 5H1.1 was appropriate based on his age and the U.S. Sentencing Commission's accompanying policy statement. He relies on *United States v. Townsend* to suggest that the district court did not "listen to the defendant's position and explain … why a serious argument has been rejected." 724 F.3d 749, 751 (7th Cir. 2013). *Townsend* does not, however, move the needle in Sin-

gleton's direction because there, as here, the district court gave "thoughtful consideration" to the defendant's arguments. *Id.* at 752. Here, the court considered Singleton's allocution statement and his willingness to begin the rehabilitation process. The judge also acknowledged Singleton's strong family support would assist him with reentering into the community following incarceration. The district court also weighed the trauma and gun violence Singleton "suffered as a young man," against the fact that Singleton chose to put a gun to someone's head to complete a robbery. Finding Singleton's young age, family support, and educational opportunities inside the prison to be positive indicators of rehabilitation, the district court also recommended Singleton enter reentry court following his term of imprisonment. While implicit, it is clear from this record the district court considered Singleton's young age when imposing the below-guidelines sentence and we are unable to find the district court erred.

Singleton's second argument fares no better. He argues the district court failed to consider three individualized mitigating factors that cut against the lengthy sentence imposed. Singleton specifically argued (1) this was his first custodial sentence; (2) his criminal history score of zero and criminal history category I demonstrated that he was less likely to be arrested again after his incarceration in this case; and (3) his young age at the time of the offense and the development, maturity, and rehabilitation he would achieve by the end of any sentence imposed by the court weighed against the need for a lengthy sentence. Singleton relies on *United States v. Cunningham*, 429 F.3d at 679, to support his contention that the judge had to, but did not, give actual consideration to his arguments of "recognized legal merit."

But, as we explained in *United States v. Graham*, the requirement for a district court to specifically discuss a ground of recognized legal merit "'applies with less force' where it receives written and oral sentencing arguments and imposes a prison sentence 'significantly below the applicable guidelines range.'" 915 F.3d 456, 459 (7th Cir. 2019) (per curiam) (quoting *United States v. Poetz*, 582 F.3d 835, 837 (7th Cir. 2009)). And here, as in *Graham*, the district court acknowledged that it had reviewed Singleton's submissions and then heard oral argument before explaining its below-guidelines sentence.

Here, the district court specifically addressed Singleton's lack of criminal history, acknowledging the defendant had "never done anything like this before." The court also referenced Singleton's young age throughout the hearing, including explaining Singleton's earlier behavioral issues in pretrial detention as a result of his young age. The court also explicitly recognized the guidelines were "stiffer" and did not properly account for Singleton's mitigation factors. Balancing these factors, the district court determined the term of imprisonment also needed to reflect the seriousness of Singleton's violent offense and the harm that it caused. Accordingly, we find the district court's discussion, though maybe imprecise, *Hendrix*, 74 F.4th at 868, does "allow for meaningful appellate review," *Graham*, 915 F.3d at 460 (citation modified).

Because the district court considered each of Singleton's mitigation arguments in support of a lower sentence when imposing the below-guidelines sentence, we find no procedural error.

### III.   CONCLUSION

Because the district court addressed Singleton's principal mitigation arguments and sufficiently explained its reasoning for imposing a below-guidelines sentence, we AFFIRM.